FILED IN OPEN COURT
ON 11/16/2021 CB
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-411-1M(3)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| BRIAN MATTHEW LOVE ) | |

The Grand Jury charges:

### General Allegations

At all times relevant to this Indictment, the following circumstances pertained:

1. The defendant, BRIAN MATTHEW LOVE (hereinafter "LOVE"), was an attorney licensed to practice law in the State of North Carolina.

2. As a licensed attorney, LOVE had access to investigative tools, such as databases utilized for corporate security and law enforcement with access to names, addresses, and telephone numbers of individuals.

3. LOVE created various online accounts and aliases, posing as his then-wife (hereinafter "Victim 1"), ex-wife (hereinafter "Victim 2"), and other known and unknown women and men. Using these personas, LOVE expressed interest in sexual activity with numerous men (hereinafter "Individuals 1 through 18"). For the purpose of enticing Individuals 1 through 18 to engage in sexual activity, LOVE contacted Individuals 1 through 18 using the online accounts and aliases, and transmitted purported information over the Internet, demonstrating the legitimacy of these

1

accounts. This purported information included images, of which some were nude photographs, of Victim 1, Victim 2, and other known and unknown women. LOVE obtained contact information for Individuals 1 through 18 through various means, to include searching corporate security and law enforcement databases for personal identifiable information.

4. LOVE, with the intent to defraud and for the purpose of executing such scheme, utilized personal information from Victim 1, Victim 2, and other known and unknown women and men, to open online accounts to impersonate Victim 1, Victim 2, and other known and unknown women and men, in communications of a sexual nature with Individuals 1 through 18.

5. LOVE, posing as women and men, induced, or intended to induce Individuals 1 through 18 with false and fraudulent pretenses, representations and promises of future sexual activity with Victim 1 and Victim 2, as well as other known and unknown women. LOVE solicited or intended to solicit Individuals 1 through 18 for personal images and videos containing sexually explicit material.

6. As an inducement and enticement to engage in this activity, LOVE presented Individuals 1 through 18 with corroborating information of Victim 1, Victim 2, and other known and unknown women and men, to add an appearance of legitimacy to this scheme and enterprise, including, but not limited to, sending images and personal details of the personas LOVE purported to be. Furthermore, LOVE persuaded, or intended to persuade, Individuals 1 through 18 to engage in

online communications of a sexual nature, in addition to sending sexually explicit material of themselves.

## The Scheme

From on or about November 20, 2015, and continuing through on or about April 8, 2020, the defendant, BRIAN MATTHEW LOVE, devised and intended to devise a scheme to defraud Individuals 1 through 18, and to obtain property, that is, likenesses and images and videos, by means of false and fraudulent pretenses, representations, and promises to Individuals 1 through 18, including but not limited to the representations and promises of immediate and future sexual activity with Victim 1 and Victim 2, and other known and unknown women, in exchange for Individuals 1 through 18's intimate sexually explicit messages, images, and videos.

## Manner and Means

It was part of the scheme that:

1. LOVE assumed numerous aliases and online accounts, posing as women and men, and falsely registered online accounts purporting to be associated with Victim 1 and Victim 2, as well as other known and unknown women and men. LOVE did this in an attempt to induce Individuals 1 through 18 to engage in sexual and pornographic online activity with LOVE with the promises of immediate and prospective in-person sexual activity with Victim 1 and Victim 2, and other known and unknown women.

2. It was further part of the scheme and artifice to defraud that LOVE

3

made false and fraudulent pretenses, representations, and promises in an effort to obtain property, that is, the property of Individuals 1 through 18's likenesses, images, and videos, and entered into sexually explicit conversations, impersonating Victim 1 and Victim 2, and other known and unknown women and men, with Individuals 1 through 18 to convey Individuals 1 through 18's property rights in their likenesses and the images and videos to himself.

## COUNTS ONE THROUGH TWENTY

Paragraphs 1 through 6 of the General Allegations above are incorporated and re-alleged herein by reference.

On or about each of the dates set forth below, in the Eastern District of North Carolina and elsewhere, the defendant, BRIAN MATTHEW LOVE, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
| --- | --- | --- |
| 1 | 2/2/2018 | LOVE sent text messages to Individual 1 impersonating Victim 1 for purposes of eliciting sexually explicit images of Individual 1 |
| 2 | 9/6/2018 | LOVE sent text messages via Google Hangouts to Individual 2 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 2 |
| 3 | 11/8/2018 | LOVE sent direct messages via Snapchat to Individual 3 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 3 |

4

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 4 | 4/8/2019 | LOVE sent an email via Google to Individual 4 impersonating Victim 2, containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 4 |
| 5 | 6/18/2019 | LOVE sent direct messages via Google Hangouts to Individual 3 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 3 |
| 6 | 6/20/2019 | LOVE sent text messages to Individual 5 impersonating Victim 1 containing online communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 5 |
| 7 | 10/27/2019 | LOVE sent text messages via Pinger to Individual 6 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 6 |
| 8 | 10/29/2019 | LOVE sent text messages via Pinger to Individual 4 impersonating Victim 1 for purposes of eliciting sexually explicit images of Individual 4 |
| 9 | 11/1/2019 | LOVE sent text messages via Pinger to Individual 7 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 7 |
| 10 | 11/3/2019 | LOVE sent emails via Google to Individual 8 impersonating Victim 1 for purposes of eliciting sexually explicit images of Individual 8 |
| 11 | 11/4/2019 | LOVE sent text messages via Pinger to Individual 9 anonymously to facilitate direct messages via Google Hangouts as Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 9 |
| 12 | 11/19/2019 | LOVE sent text messages via Pinger to Individual 10 impersonating Victim 1 containing online communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 10 |

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 13 | 12/3/2019 | LOVE sent text messages via Pinger to Individual 11 anonymously containing communications of a sexual nature and an image of Victim 1 for purposes of eliciting sexually explicit images of Individual 11 |
| 14 | 12/18/2019 | LOVE sent text messages via Pinger to Individual 12 impersonating an unknown female containing communications of a sexual nature and an image of Victim 2 naked for purposes of eliciting sexually explicit images of Individual 12 |
| 15 | 12/29/2019 | LOVE sent text messages via Pinger to Individual 13 to facilitate the impersonation of Victim 1 with Individual 13 for the purpose of eliciting sexually explicit images of Individual 13 |
| 16 | 1/14/2020 | LOVE sent text messages via Pinger to Individual 14 impersonating Victim 1 containing online communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 14 |
| 17 | 1/21/2020 | LOVE sent text messages via Pinger to Individual 15 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 15 |
| 18 | 2/5/2020 | LOVE sent text messages via Pinger to Individual 16 impersonating Victim 1 for purposes of eliciting sexually explicit images of Individual 16 |
| 19 | 3/31/2020 | LOVE sent direct messages via Snapchat to Individual 17 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 17 |
| 20 | 4/2/2020 | LOVE sent direct messages via Snapchat to Individual 18 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 18 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TWENTY-ONE THROUGH TWENTY-TWO

Paragraphs 1 through 6 of the General Allegations above are incorporated and re-alleged herein by reference.

On or about each of the dates set forth below, and in the manner set forth below, in the Eastern District of North Carolina and elsewhere, the defendant, BRIAN MATTHEW LOVE, did knowingly, and without lawful authority, use the means of identification of another person, as set forth below, during and in relation to the commission of a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

| COUNT | DATE | VICTIM | MANNER |
|---|---|---|---|
| 21 | 9/6/2018 | Victim 1 | LOVE, using the name and images of Victim 1, sent text messages via Google Hangouts to Individual 2 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 2 |
| 22 | 6/18/2019 | Victim 1 | LOVE, using the name and image of Victim 1, sent direct messages via Google Hangouts to Individual 3 impersonating Victim 1 containing communications of a sexual nature for purposes of eliciting sexually explicit images of Individual 3 |

Each entry in the table above constituting a separate violation of Title 18, United States Code, Section 1028A(a)(1).

7

## COUNT TWENTY-THREE

Beginning on or about October 30, 2019, and continuing through on or about April 8, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, BRIAN MATTHEW LOVE, with the intent to harass and intimidate Victim 2, used an interactive computer service, electronic communication service, electronic communication service of interstate commerce, and a facility of interstate and foreign commerce, and attempted to cause, caused, and would be reasonably expected to cause, substantial emotional distress to Victim 2, that is, LOVE contacted Victim 2 via text message using several Pinger accounts impersonating unknown men with unwanted messages of a sexual nature, including sending a naked photograph of Victim 2.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT TWENTY-FOUR

Beginning on or about April 2, 2020, and continuing through on or about April 3, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, BRIAN MATTHEW LOVE, with the intent to harass and intimidate Victim 1, used an interactive computer service, electronic communication service, electronic communication service of interstate commerce, and a facility of interstate and foreign commerce, and attempted to cause, caused, and would be reasonably expected to cause, substantial emotional distress to Victim 1, that is, LOVE contacted Victim 1 via text message using a Pinger account impersonating Individual 18 and sent

sexually explicit messages and photographs of Individual 18 despite Victim 1 repeatedly stating she did not want to receive sexually explicit content or engage in a sexual conversation.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT TWENTY-FIVE

Paragraphs 1 through 6 of the General Allegations above are incorporated and re-alleged herein by reference.

On or about April 2, 2020, in the Eastern District of North Carolina, the defendant, BRIAN MATTHEW LOVE, knowingly and with intent to extort the likeness and image of Individual 18 from Individual 18, did transmit in interstate and foreign commerce online communications via Snapchat to Individual 18 soliciting images of Individual 18 holding up four fingers to convince Victim 1 that Victim 1 was communicating with Individual 18, when in fact, Victim 1 was communicating with LOVE pretending to be Individual 18, and the communication to Individual 18 contained a threat to injure the reputation of Individual 18 if Individual 18 did not comply with LOVE's demand, specifically, LOVE telling Individual 18's fiancée about Individual 18's participation in online communications of a sexual nature with Victim 1.

All in violation of Title 18, United States Code, Section 875(d).

9

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

[remainder of page intentionally left blank]

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL
**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

11/16/2021
DATE

G. NORMAN ACKER, III
Acting United States Attorney

*sebastian kielmanovich*
BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney

11