UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

U.S.A. vs. Brian Matthew Love                                Docket No. 5:21-CR-411-1M

### Petition for Action on Supervised Release

COMES NOW Henry Ponton, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Brian Matthew Love, who, upon an earlier plea of guilty to Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), and Stalking, in violation of 18 U.S.C. § 2261A(2)(B), was sentenced by the Honorable Richard E. Myers II, Chief United States District Judge, on September 6, 2022, to the custody of the Bureau of Prisons for a term of 54 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months. Brian Matthew Love was released from custody on December 3, 2024, at which time the term of supervised release commenced.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

As a condition of supervision, the defendant was instructed to provide weekly employment verification logs on Mondays. As these logs had not been provided for the last two weeks with no communication from the defendant, unscheduled home contacts were attempted at the defendant's residence at 2:50 PM, 3:50 PM, and 5:55 PM on April 17, 2025. Multiple attempts were made to contact the defendant by phone and text message; however, he did not respond to any of these attempts.

A fourth attempt was made at around 6:35 PM. The defendant's vehicle had returned to the residence. He did not respond to multiple knocks at the front door. When the undersigned officer attempted to contact him, he had turned off his cell phone. A note was left on his door indicating that he needed to contact our office immediately. Before the undersigned officer left the residence, the defendant activated the car alarm on his vehicle. After waiting a few minutes, he came to the door to turn it off. At that point, I directed him to come outside. Supervising U.S. Probation Officer David Leake was on the phone at that time and participated in the conversation with the defendant. When he approached the vehicle, he had a strong odor of alcohol about him. He immediately confessed to being heavily under the influence of alcohol. Specifically, the defendant indicated he had consumed 7-8 beers on the beach at Oak Island, North Carolina. He also admitted to avoiding my calls and text messages due to his current state of intoxication. When questioned about how he got his vehicle home, the defendant admitted to driving under the influence. A safety contract was completed with the defendant agreeing not to harm himself or others, not to consume any additional alcohol and to remain at his residence for the remainder of the evening. An office appointment was scheduled for 9:00 AM the next morning.

The defendant reported to the probation office as instructed on April 18, 2025. A urinalysis sample was provided that was negative for illegal substances. Additionally, a breathalyzer sample was submitted with a 0.00 blood alcohol content (BAC). In further conversation, the defendant admitted he has been drinking almost every day the last two weeks while his father has been out of town. The undersigned officer strongly encouraged the defendant to participate in inpatient substance abuse treatment at the Christian Recovery Center, Inc. in Shallotte, North Carolina. This would help address the isolation and lack of accountability the defendant had expressed. He initially declined, but stated he would consider it. His treatment providers at Coastal Horizons were contacted to provide an update of the situation.

A hearing addressing modification of conditions of supervised release is currently scheduled for the term of court commencing on May 6, 2025. During the interim, the undersigned officer is recommending

participation in remote alcohol monitoring and GPS stand alone monitoring. This would provide increased transparency regarding the defendant's whereabouts, in addition to increased accountability regarding his alcohol abstinence condition. The defendant signed a Waiver of Hearing agreeing to the proposed modifications of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall participate in the form of location monitoring indicated below until further court order, and follow monitoring procedures specified by the supervising officer which shall be utilized for the purposes of verifying compliance with any court-imposed condition of supervision. The defendant shall submit to the following Location Monitoring: GPS monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer. The defendant must pay a portion of the monitoring cost.

2. The defendant shall abide by all terms and conditions of the Remote Alcohol Monitoring Program, as directed by the probation officer, for a period not to exceed 90 consecutive days. The defendant must pay a portion of the monitoring cost.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Henry Ponton
Henry Ponton
Senior U.S. Probation Officer
2 Princess Street, Suite 308
Wilmington, NC 28401-4290
Phone: 910-679-2048
Executed On: April 18, 2025

**ORDER OF THE COURT**

Considered and ordered this 22d day of April, 2025, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief United States District Judge